IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL E. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14-cv-10456 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| DEANNA L. ZALAS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' motion to dismiss Count II [145] is granted. Count II is dismissed with prejudice. See the accompanying Statement for details.

## STATEMENT

Plaintiff Paul E. Cox, an officer with the Cook County Sheriff's Police Department ("CCSPD"), claims that Defendants are responsible for the improper denial of his pension disability benefits. The present motion concerns Cox's claim in Count II of his Fourth Amended Complaint that Defendant County Employees' and Officers' Annuity and Benefit Fund of Cook County ("Pension Fund") has violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, by failing to pay him duty disability benefits since April 2014.[1] He seeks compensation for the wrongful denial of benefits as well as damages in the amount of two percent of the unpaid monthly benefit, as provided under 820 ILCS 115/14(a). Defendants have now moved to dismiss Count II.

As an initial matter, while Defendants style their request as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the arguments raised are better suited to motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). However, the procedural error of styling a motion for judgment on the pleadings as a motion to dismiss is of no consequence when, as here, the Court has before it all it needs to rule on the motion. *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (procedural error of raising an affirmative defense in a Rule 12(b)(6) motion to dismiss did not prevent court from construing the motion as one for judgment on the pleadings). Moreover, Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Accordingly, the Court will proceed to decide the issues as presented in the current motion.

For purposes of this motion, the Court accepts as true all well-pleaded allegations in the Fourth Amended Complaint and draws all reasonable inferences in Cox's favor. *See Williamson*

---

[1] Though many more Defendants are named in this case, the Pension Fund is the sole Defendant listed in Count II.

*v. Curran*, 714 F.3d 432, 435 (7th Cir. 2013). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The IWPCA "applies to all employers and employees" in Illinois, except employees of the state or federal governments. 820 ILCS 115/1. The statute defines "final compensation" to a "separated employee" as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee **by the employer** pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2 (emphasis added). To state a claim under the IWPAC, a plaintiff "must plead that wages or final compensation is due to him or her as an employee from an employer under an employment contract or agreement." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058 (Ill. 2005). While the IWPCA allows employees to sue for compensation due under an employment contract, it "does not establish a substantive right to overtime pay or any other kind of wage." *Enger v. Chi. Carriage Cab Co.*, 77 F. Supp. 3d 712, 716 (N.D. Ill. 2014) (internal quotations omitted).

Defendants argue that Cox's IWPCA claim should be dismissed because (1) disability benefits do not qualify as wages under the IWPCA, and (2) the Pension Fund is not Cox's employer and therefore cannot be liable to him under the statute. Cox counters that pension payments, such as disability benefits, were part of his contractual agreement when he was hired, and therefore qualify as wages under the IWPCA. He further asserts that the Pension Fund acts in privity with Cook County, making it liable for the denial of his pension benefits.

Because it is dispositive, the Court will first address Defendants' contention that the Pension Fund is not liable to Cox under the IWPCA because it is not his employer. In his Fourth Amended Complaint, Cox alleges that he was employed by the CCSPD. (Fourth Am. Compl. ¶ 14, Dkt. No. 141.) He describes the Pension Fund as a statutorily-created administrative agency designed to provide and regulate benefits pursuant to the laws of Illinois. (Fourth Am. Compl. ¶ 8.) He also alleges that the Pension Board sent him letters regarding his application for benefits, terminated his disability pension without notice, and provided Cook County employees with a handbook describing eligibility requirements for a disability pension. (Fourth Am. Compl. ¶¶ 37–39, 41, 42–43, 49–50.) But notably, nowhere in his pleading does Cox allege that the Pension Fund acted as his employer.

The IWPCA defines the term "employer" to include:

> any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or

indirectly in the interest of an employer in relation to an employee, for which one
or more persons is gainfully employed.

820 ILCS 115/2. Cox does not allege that the Pension Fund acted in the role of an employer within the meaning of the IWPCA, either in his Fourth Amended Complaint or in his response to Defendants' motion. And it is hard to see how he could have done so. Cox points to no employment agreement with the Pension Fund. Nor does he allege that the Pension Fund was a party to any contract with the CCSPD negotiated on his behalf. Instead, the allegations depict an agency whose responsibilities are limited to administering pension benefits. Such a limited role does not fall within the definition of an employer as delineated in the IWPCA.

Appearing to recognize this deficiency, Cox contends in his response brief that the Pension Fund and the CCSPD were "in privity" with one another. (Pl.'s Resp. to Def. Mot. to Dismiss at 4, Dkt. No. 149.) But Cox provides no legal justification for his assertion that, in administering benefits, the Pension Fund effectively took over the obligations of the CCSPD as his employer. His only legal authority is a case in which the Seventh Circuit found a village to be in privity with its police pension board for *res judicata* purposes when a state court judgment had been entered against the latter. *See Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634–37 (7th Cir. 2004). *Garcia* does not support the notion that a pension board can take the place of the statutorily-defined position of an employer. And Cox's Fourth Amended Complaint does not allege that the Pension Board ever attempted to do so or was legally obligated to do so. Simply put, the Pension Fund is not an appropriate defendant for Cox's claim under the IWPCA.

Therefore, even if the Court were to find that the disputed pension disability payments constitute wages under the IWPCA, Cox still would not be able to recover them in this action against the Pension Fund. As Cox is on his fifth complaint in this case, no further opportunity to amend his pleading to attempt to state a IWPCA claim against the Pension Fund is warranted. Count II is thus dismissed with prejudice.

Dated: September 15, 2019

_____
Andrea R. Wood
United States District Judge